**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CARROLLTON MUNICIPAL COURT,** | § | |
| **et al.** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:17-CV-2240-B-BK** |
| | § | |
| **JASON BOWDITCH EL,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special *Order* 3, Defendant's *Legal Notice of Removal*, filed without the assistance of counsel, was automatically referred to the United States magistrate judge. For the reasons that follow, this case should be **REMANDED** *sua sponte* to the 158th Judicial District Court of Denton County, Texas.

**I. BACKGROUND**

Defendant seeks to remove to this Court the state criminal case pending against him in Denton County, Texas. Doc. 3. While Defendant's notice of removal is difficult to decipher, he apparently alleges that the Carrolton Municipal Court, Officer David Bone, the Denton County Court, Magistrate Judge Steve Burges, and the State of Texas engaged in fraud and conspired to violate his civil rights. Doc. 3. Defendant claims that Officer Bone unlawfully arrested and subsequently charged him with evading arrest and detention with a vehicle. Doc. 3 at 3-4. He requests declaratory and injunctive relief and compensatory and punitive damages. Doc. 3 at 11.

Records available online reflect that Defendant was indicted on May 5, 2017, in Cause No. F17-1020-158, for the felony offense of evading arrest and detention with a motor vehicle, and that the case is still pending. *See State v. Bowditch*, No. F17-1020-158 (158th Jud. Dis.

Court, Denton Cty.).[1]  Defendant is represented by retained counsel in that case, and was released on a $10,000 bond in May 2017.

On September 13, 2017, the Court issued a deficiency and order, notifying Defendant that he had failed to pay the filing fee or submit a motion to proceed *in forma pauperis*, and that his notice of removal failed to provide a short and plain statement of the grounds for removal and a copy of all state court pleadings.  Doc. 4.  The deadline for Defendant's response was October 5, 2017.  As of the date of this recommendation, however, Defendant has not responded to the Court's order, nor has he sought an extension of time to do so.  Nevertheless, Defendant cannot establish a legal right to remove his pending criminal proceedings, and this case should be remanded *sua sponte*.

## II. ANALYSIS

28 U.S.C. § 1455(a) provides for removal of criminal prosecutions to federal court. When a criminal case is removed, however, the court must "examine the notice promptly" and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1455(b)(4).  Because section 1455 does not set out any substantive requirement for removal, the Court turns to the other removal statutes to determine if removal is appropriate.  *See Louisiana v. Hunter*, Civ. A. No. 14-931, 2014 WL 7139463, at *5 (E.D. La. Dec. 15, 2014) (noting that the United States Court of Appeals for the Fifth Circuit has yet to construe section 1455 and that the statute is purely procedural and provides no substantive requirements for removal).

---

[1] The docket sheet is available at
http://justice1.dentoncounty.com/PublicAccessDC/CaseDetail.aspx?CaseID=2464051 (last visited on Nov. 6, 2017).

The Court liberally construes Defendant's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). However, even assuming a proper notice of removal under section 1455(a) and (b), within the requisite 30-day period and filed in the correct district,[2] Defendant cannot establish a legal right to remove his pending criminal case.

Defendant is not a federal officer, a member of the armed forces, or an official enforcing civil rights. Doc. 3 at 1. *See* 28 U.S.C. § 1442 (providing for removal of criminal actions against federal law enforcement officers or officials for acts taken in their official duties), 28 U.S.C. § 1442a (providing for removal of criminal prosecutions of members of the armed forces), and 28 U.S.C. § 1443(2) (providing for removal of criminal prosecutions of officials enforcing civil rights statutes). Likewise, Defendant cannot establish the requisites for removal under section 1443(1). *See State of Tex. v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86-87 (5th Cir. 1982) (defendant bears the burden of establishing his right to removal under section 1443).

Section 1443(1) authorizes the removal of a pending state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Thus, the defendant must show that (1) the right allegedly denied him arises under a federal law mandating the equal treatment of certain protected classes; and (2) that he cannot enforce the specified federal right in state court. *Cf.*

---

[2] Defendant has attempted to remove a Denton County criminal case. However, Denton County lies within the boundaries of the United States District Court for the Eastern District of Texas, Sherman Division. 28 U.S.C. § 124(d)(1).

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (discussing the removal requirements under section 1443 as pertains to racial equality) (quoting *Georgia v. Rachel*, 384 U.S. 780 (1966)). Defendant has wholly failed to meet that burden here.

Defendant's pleadings are silent as to the denial of any federal civil right. Indeed, Defendant's pleadings only assert general violations of due process and equal protection of the law and vaguely reference his status as a Moorish American National. Doc. 3 at 2-4. However, conclusory allegations of civil rights violations are clearly insufficient to remove a pending state criminal prosecution to federal court. *See Gulf Water Benefaction Co.*, 679 F.2d at 86 (conclusory allegations of civil rights violations were insufficient to support removal of on-going state criminal prosecution). In any event, Defendant does not claim that he cannot enforce the specified federal rights in state court, as is also his burden. Accordingly, Defendant has failed to establish the right to remove his pending criminal case under 28 U.S.C. § 1443(1).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be remanded *sua sponte* to the 158th Judicial District Court of Denton County. *See* 28 U.S.C. § 1455(b)(4).

**SIGNED** November 20, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE